## Commonwealth v. Triolo

*Peter J. Cianci*, for Commonwealth.

*Francis O'Hara*, for defendant.

GROSHENS, P. J., April 30, 1971.—This opinion is in support of an order entered January 18, 1971, sustaining defendant's petition to vacate a support order upon the payment of $250 and costs and dismissing relator's petition to continue and enforce the order and compel the payment of certain medical expenses.

On May 7, 1968, an order was entered under the terms of which defendant agreed to contribute the sum of $50 per week toward the education of his 19-year-old

daughter, Patricia Anne Triolo, who was then in college. On January 25, 1970, Patricia attained the age of 21. In June of 1970, her class graduated but, due to illness in 1968 and 1969, Patricia was not able to complete her course of study until August 20, 1971. In October of 1970 Patricia was married. It should also be noted that two weeks after the entry of the support order in 1968, Patricia changed her surname.

Defendant continued to make payments under the order until July 10, 1970, after her class had graduated. Subsequently, defendant filed a petition to vacate the support order and remit any arrearages, alleging that his daughter had attained the age of 21 and, to the best of his knowledge, completed college. A cross petition was then filed to continue and enforce the order and also requesting reimbursement for medical expenses in the amount of $2,353.28. These medical expenses were incurred by Patricia in 1968 and 1969.

A hearing was held on January 28, 1971, at which time we directed defendant to pay an additional five weeks support ($250) under the 1968 order and then vacated the order. This $250 represented the amount due under the order between July 10, 1970, the date on which defendant ceased making payments under the order, and August 20, 1970, the date when Patricia had earned enough credits to complete her education. We denied the request for reimbursement of the medical expenses.

An appeal having been perfected to the Superior Court, this opinion is in support of our decision.

We note first that defendant's support obligation in this case, under the 1968 order, was different in kind from the basic obligation of a father to support a child of tender years. The purpose of the 1968 order was to provide Patricia with a college education. Judge

Honeyman commented at that time (1968) before he imposed the order:

"Up until about four years ago this case would not be in non-support court. It is only when the Superior Court extended support to apply when the station in life of the parties warrants it, as well as the abilities and talents of the child, that the father can be compelled to support a child in college."

Thus, when a father is directed to contribute toward the educational expenses of his child, such an order should not be confused with the obligation of a father to provide a young child with the necessities of life. The two obligations differ qualitatively as well as quantitatively: Commonwealth ex rel. Ulmer v. Sommerville, 200 Pa. Superior Ct. 640 (1963); Commonwealth ex rel. Yannacone v. Yannacone, 214 Pa. Superior Ct. 244 (1969).

In the instant case, defendant complied faithfully with the terms of the court order and made payments until July 10, 1970. He thus contributed to the cost of educating his daughter at an expensive New England college even though he had not been consulted in its selection and even though she could have received an adequate education much closer to home at a fraction of the cost. At the time that defendant ceased making payments under the order, his daughter was 21, her class had graduated and defendant had every reason to believe that she had graduated.*

While it is most unfortunate that Patricia was taken ill in 1968 with mononucleosis and hepatitis, we do not

---

* It must be remembered in this context that Patricia had changed her name and that there was no communication between father and daughter.

believe defendant is liable for her medical expenses. Where a father has been contributing to the costs of sending his daughter to college, pursuant to the terms of a court order, we do not think he should be compelled to pay an additional lump sum for medical expenses incurred over two years ago. If the original order was inadequate and there was no other feasible way to meet these expenses, the proper procedure would have been to come into court and seek an increase in the order. The fact that this request for medical expenses came only after defendant had filed a petition to vacate the order gives it an aura of vindictiveness. Support proceedings are not meant to be a vehicle of oppression or punishment: Commonwealth ex rel. Larsen v. Larsen, 211 Pa. Superior Ct. 30 (1967).

We have considered the cases cited by appellants and they are inapposite; they deal with a father's liability for the medical expenses of a young child. As we have pointed out, the nature of the father's obligation to defendant in the instant case is different.

We are aware also that the obligation of a father to support a child in college has been expanded in recent years by such cases as Commonwealth ex rel. Smith v. Smith, 217 Pa. Superior Ct. 1 (1970). We do not think, however, that a father who is not a wealthy man and who has been contributing toward the cost of educating his daughter, should be compelled to pay medical expenses incurred by his daughter two years ago when that daughter is now over 21, a college graduate and a married woman.

Accordingly, we conclude that the petition for the reimbursement of medical expenses was properly denied.